FILED
SUPERIOR COURT
OF GUAM

2022 FEB -7 PM 4: 37

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TAKAKO B. GUTHRIE AND JOSEPH A. GUTHRIE ET AL,<br>Petitioners/Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMENT FUND,<br>Respondents/Defendants. | SPECIAL PROCEEDINGS NO. SP0094-20<br><br>AMENDED DECISION AND ORDER RE: MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

This matter came before the court upon the Government of Guam Retirement Fund motion to dismiss Petitioners/Plaintiffs Takako B. Guthrie and Joseph A. Guthrie (hereinafter the Guthries) Complaint for Declaratory and Injunctive Relief. The Board contends that the Guthries may not combine the Complaint for Declaratory and Injunctive Relief, styled as a class action with their Petition for Writ of Review of an administrative decision.

Procedural history

The Guthries filed a Petition for Declaratory Ruling before the Board. The copy of the Petition attached to the Memorandum of Points and Authorities in Support of the Petition for Peremptory Writ of Mandamus Class Action labeled as Exhibit 1(hereinafter Guthrie Memorandum) is undated and unsigned. The stated reason for the filing the Petition was to "establish Petitioner Takako B. Guthrie's rights to surviving spouse pension in the event Joseph A. Guthrie pre-deceases her. (Guthrie Memorandum page 2 of Exhibit 1). The Board issued its

decision on April 24, 2020 finding that Takao Guthrie would not be entitled to receive a surviving spouse annuity.( Guthrie Memorandum Exhibit 2) The decision of the Board was based on specific facts relating to Joseph A. Guthrie's work history and retirement as presented to the Board.(Guthrie Memorandum Exhibit 3 , GGRF No DR2020-01)

On July 10 2020 the Guthries filed a Preemptory Write of Mandate invoking the appellate jurisdiction of the Superior Court of Guam to review the decision and order of the Board. At the same time, the Guthries plead in the alternative, a Complaint for Declaratory and Injunctive relief styled as a class action and invoking the Superior Court's original jurisdiction under the Declaratory Judgment Act 7 GCA 26801. Both the appeal and the Complaint center on the same contention; that upon his death Mr. Guthrie's Spouse Takako Guthrie is entitled to surviving spouse benefits under 4 G.C.A. 8134(a)(1)(A). The Guthries seek to certify a class action on both the appeal and the complaint for declaratory relief.

The Board filed a motion to dismiss the Alternative Complaint for Declaratory and Injunctive asserting that the Guthries could not pursue the appeal of the Boards decision while simultaneously invoking the original jurisdiction of the court by filing a Complaint for Declaratory Relief as a class action and joining parties that were not a part of the original hearing before the Board. This court agrees with the position of The Board of Trustees of the Government of Guam Retirement Fund that the Complaint for Declaratory Relief and Injunction (which fall under the general jurisdiction of the Superior Court 7 GCA §4101) cannot be joined with a writ of review which is an appeal from a ruling of an inferior tribunal. The appeal is brought pursuant to Guam writ of review statute 7 G.C.A § 31202. The review upon the writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board or officer. 7 GCA §31108.

The court is limited determining whether the agency decision is in in accordance with the law, supported by substantial evidence, affirming, reversing or remanding it for further proceedings pursuant to the Administrative Procedure Act 5 GCA§ 9240. The trial court is required to affirm the agency's findings of fact if supported by substantial evidence.

5 GCA § 9240. Decision: Review. Judicial review may be had of any agency decision by any party affected adversely by it. If the agency decision is not in accordance with law or not supported by substantial evidence, the court shall order the agency to take action according to law or the evidence.

The decision of the Board is limited to the facts pertaining to the Guthrie claims because they were the only parties to the action.

The conversion of Guthries' case into a class action Complaint for Declaratory and Injunctive Relief would require action on the part of the court outside the scope of the ADA including permitting extensive discovery not contemplated by the ADA. Administrative review differs with civil actions in that Guam Rule of Civil Procedure 26 (a) (1) (E) (xx) provides that writs are exempt from initial discovery requirements unless otherwise ordered by the court. *Guam Police Department Major Chargualaf v Government of Guam Retirement Fund*, 2021 Guam 17 ¶ 31.

By its plain language the code provides for judicial review of an adverse agency decision issued to a named party. The Guthries' claim was the only one heard in the administrative proceedings; no other "person" was a named party to the case resulting in the decision from which the Guthries seek judicial review. Case law supports this interpretation of Guam statutes. It is not appropriate to allow a class action as part of an administrative appeal.

A Peremptory Writ of Mandate may also be de-nominated a writ of review. 7 GCA 31201. Guam's writ of review statute 7 GCA § 31202 mirrors the California Code of Civil Procedure §1085. *Guam Fed'n of Teachers ex rel. Rector v Perez*, 2005 Guam 25 ¶ 23 n.4.

"When Guam statutes are based on nearly identical California statues, California case law is persuasive, absent any compelling reason to deviate from California's interpretation." *Banes v. Superior Court*, 2021 Guam 11 ¶11, *Island Eye Center Inc. v Lombard*, 2020 Guam 32 ¶ 11. Since Guam's mandamus statute is rooted in California Code of Civil Procedure § 10851 California case law construing the identical statute is persuasive. *Holmes et al v Territorial Land Use Commission, Department of Land Management et al*, 1998 Guam 8 ¶ 6 ("[S]ince Guam's mandamus statutes were adopted from the California Civil Code [sic] California cases applying the mandamus standard are persuasive authority."); *Ueda v. Bank of Guam*, 2005 Guam 23, ¶ 16 n. 7 (We find California case law to be authority in the interpretation of Title 21 GCA § 1254, as that section was derived from California Civil Code § 711").

It is well settled under California law that the proper remedy for review of administrative order is administrative mandamus and not declaratory relief. *Hostetter v Alderson* 38 Cal.2d 499,500,241P.2d 230(1952) (an action for declaratory relief is not appropriate for review of an administrative order but the complaint may be treated as a petition for writ of mandate) *Guilbert v Regents of Univ. California*, 93 Cal App 3d, 233, 244, 155Cal. Rptr. 583, 587 (1979). In *Guilbert* the plaintiff attempted to join a declaratory relief action with an action for review of an administrative order in connection with disciplinary proceedings in which he was suspended without pay. The court of appeals agreed with the trial court that Guilbert had not cited any cases for the proposition that "declaratory relief may be pursued where an administrative mandamus action provides and adequate remedy for resolving the issues raised." 93 Cal App 3d at 244, 155 Cal Rptr. at 588. As the Respondents point out in their brief, the preceding rule applies to an action seeking injunctive relief as well. The

Petitioners must exhaust their administrative remedies before they can pursue further action in the form of a civil suit.

## CONCLUSION

The Complaint for Declaratory and Injunctive Relief cannot be joined with the proceedings for administrative review of the Boards decision. The Board's motion to dismiss is granted without prejudice.

It is so ordered February 7, 2022

**MARIA G. FITZPATRICK**
**Judge Pro Tempore**
**Superior Court of Guam**